## T. D. JOHNSON AND J. N. BROWN v. THE COUNTY OF SANTA CLARA.

LIABILITY OF A COUNTY FOR MEDICAL CARE OF SICK.—A complaint in an action against a county, to recover for medical care and treatment of sick persons, fails to state a cause of action if it does not aver that the sick persons treated were both indigent and residents of the county.

LIABILITY OF COUNTY TO COUNTY PHYSICIAN.—Physicians who contract with a county to attend and treat all the inmates of the County Infirmary, whether afflicted with contagious diseases or not, and to receive a stipulated price therefor, cannot recover anything beyond the stipulated price for attending persons sick with contagious diseases and placed in a building apart from the one usually used as a County Hospital, by order of the county authorities.

COUNTY HOSPITAL.—The County Infirmary or Hospital may consist of different buildings used by the county for hospital purposes.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The plaintiffs were physicians and surgeons at San José, and on the 3d day of January, 1862, entered into a contract with the Board of Supervisors of Santa Clara County and ex officio Directors of the Santa Clara County Infirmary, to prescribe for and attend all the inmates of said Infirmary who might be subjects of medical and surgical treatment for one year thereafter. In February, 1862, the small pox appeared in San José. The building used as a County Hospital was outside the limits of the City of San José, and the Board of Directors of the County Infirmary procured another building to which the persons sick with the small pox were removed. Plaintiffs, as physicians, attended on these persons. No new contract was made with the Directors of the Infirmary. The present action was brought to recover for the value of plaintiffs' services as physicians upon the persons who had been removed to the pest house. The complaint averred an indebtedness of the county to plaintiffs for the medical treatment and care of forty-three persons who were sick with the small pox at Santa Clara County, and for the vaccination of other persons, but contained no averment that the persons treated were indigent or residents of the county.

69

Defendant demurred to the complaint and the demurrer was overruled. Defendant then answered, and plaintiffs recovered judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

*F. E. Spencer,* for Appellant.

The complaint is bad in not stating that the persons treated were indigent, and residents of the county, and the Court should have sustained the demurrer. (Supervisor Act, 5th clause, Wood's Dig. Art. 3,319 ; Act to provide for the indigent sick, Ib. Art. 3,279.)

The Supervisors cannot create a debt or liability on the part of the county for any purpose except as provided by law. (*Foster* v. *Coleman,* 10 Cal. 278.) Every fact which, if controverted, the plaintiff will be compelled to prove in order to maintain the action must be stated. (*Jerome* v. *Stebbins,* 14 Cal. 458 ; *Green* v. *Palmer,* 15 Ib. 415 ; Practice Act, Sec. 66.) The complaint is verified. (*Green* v. *Covillaud,* 10 Cal. 322.) A county is not bound to support persons who are not paupers. (*Alton* v. *Madison,* 21 Ill. 115.)

*J. M. Williams,* and *S. O. Houghton,* for Respondents.

The Boards of Supervisors have general power under the statute to provide for the preservation of the public health. They are the agents constituted by law to take care of the health of the indigent, " to take care of and provide for the indigent sick of the county, to do and perform all such other acts and things as may be strictly necessary to the full discharge of the powers and jurisdiction conferred on the Board." (Wood's Digest, Art. 3,319.) It was the duty then of the Board of Supervisors to take care of these small pox patients, and to take measures to arrest the progress of the disease and prevent its spreading over the county. In employing the respondents as physicians for that purpose they only performed a duty imposed on them by law, and created a liability on the

part of the county to pay for those services what they were reasonably worth, as no price was stipulated.

By the Court, SANDERSON, C. J.

The demurrer to the complaint should have been sustained upon the ground that it does not state facts sufficient to constitute a cause of action. The power of " The Board of Directors of the County Infirmary of Santa Clara County " to provide for the care and medical treatment of sick persons, is limited to such as are indigent and are also residents of the county. A contract providing for the care and treatment of sick persons not indigent, or if indigent not residents of the county, would be void for the want of power in the Board to make it. A county is not liable generally for the care and treatment of sick persons, and therefore when it is sought to make it liable it must appear from the complaint that the care and treatment was bestowed upon the class of persons described in the twentieth section of the Act concerning County Infirmaries for the relief of the indigent sick. (Laws 1860, p. 217.) No recovery can be had in such an action except upon proof, if the facts are controverted, that the persons so treated are indigent and are residents of the county, and it is a familiar rule of pleading that every fact which, if controverted, the plaintiff would be compelled to prove in order to sustain his action, must be alleged in his complaint. (*Jerome* v. *Stebbins*, 14 Cal. 457 ; *Green* v. *Palmer*, 15 Cal. 411.)

This error alone makes it necessary to reverse the judgment. But as there is another point which is, in our judgment, fatal to the plaintiffs' cause of action, and which no amendment of the complaint can obviate, we deem it advisable to pass upon it now, in order that the parties may be spared further and useless litigation.

We are of the opinion that the services sued for in this action are covered by the contract between the plaintiffs and the Board of Directors of the County Infirmary of the 3d of

January, 1862, set out at length in the defendant's answer. In that contract the plaintiffs "covenant and agree to attend the County Infirmary and County Jail of said county as physicians and surgeons, and as physicians and surgeons to prescribe for and attend all the inmates of said Infirmary and Jail who may be subjects of medical and surgical treatment, and perform all surgical operations upon any and all of the inmates of said Infirmary and Jail who may require the same." Under this agreement the plaintiffs were bound to attend and treat "all inmates of the County Infirmary," whether afflicted with contagious diseases or not. What, then, is the "County Infirmary?" Is it one building, or may it be more, and if more, must they all be adjacent, or may they be distant from each other, and yet altogether constitute the "County Infirmary?" That the "County Infirmary" is not necessarily limited to one building is apparent from the eleventh section of the Act under which it was created and established, which provides that "when necessary, it shall be the duty of the Board of Directors to provide a suitable building or buildings for the *separate* accommodation of the indigent laboring under contagious disease." Obviously buildings so provided are as much a part of the "County Infirmary" as any building previously provided for the accommodation of those who are not laboring under contagious disease; and the inmates of the former buildings are in every sense as much inmates of the "County Infirmary" as are the inmates of the latter. This contract must be read by the light of the statute by which it was authorized to be made. Thus read, it is clear that the services sued for in this action are covered by the contract in question, and if, as alleged in the answer, the plaintiffs have been paid the price stipulated therein, they have no cause of action.

Judgment reversed and cause remanded.

Mr. Justice RHODES, being disqualified, did not sit in this cause.