20    SUPREME COURT OF NEVADA, 1868.

Tucker *v.* Mayor and Board of Aldermen of the City of Virginia.

## J. C. TUCKER, APPELLANT, *v.* THE MAYOR AND BOARD OF ALDERMEN OF THE CITY OF VIRGINIA, RESPONDENTS.

POWERS OF MUNICIPAL CORPORATIONS. Municipal corporations have no powers but those which are delegated to them by the charter or law creating them, and the powers expressly given and the necessary means of employing those powers constitute the limits of their authority.

POWER TO EMPLOY NECESSARY MEANS. When power to do a certain thing is conferred, or a duty is imposed upon a corporation, and the manner of executing the power or discharging the duty is not pointed out, the corporation may employ all the means necessary to that end.

POWER TO MAKE NECESSARY CONTRACTS. Where a municipal corporation was authorized in general terms to elect a city physician, establish a city infirmary, provide for the indigent, and make all necessary contracts and agreements for the benefit of the city, and there was no infirmary belonging to the city: *Held*, that it was competent for the corporation to contract for the care and maintenance of the indigent sick at a private hospital.

POWERS LIMITED TO SPECIFIC OBJECTS. Power in a municipal corporation to make all necessary provision for the maintenance of the indigent and for medical attendance upon them, does not authorize the furnishing of medical attendance for the police or other city officers, who are not indigent.

POWER TO PRESCRIBE DUTIES OF OFFICERS. If a municipal charter authorizes the election of a city physician, but does not prescribe his duties, the corporation has the power to declare what such duties shall be.

QUANTUM MERUIT AGAINST MUNICIPAL CORPORATION. If a municipal corporation, having the power to employ a city physician and fix his compensation, does employ such physician, but neglects to fix the compensation, he may recover on a *quantum meruit*.

IMPLIED CONTRACTS OF CORPORATIONS. A corporation, like an individual, may be bound upon an implied contract, provided it be within the scope of its corporate authority; and there is no distinction in this respect between a municipal and a trading corporation.

LIABILITY ON IMPLIED CONTRACTS. A municipal corporation, authorized in general terms "to make all necessary contracts and agreements for the benefit of the city," whilst acting within the scope of its powers is as completely bound by implied as by written contracts.

AMENDMENT OF COMPLAINT. That an amendment of a complaint will deprive the defendant of his right to plead the statute of limitations is no reason why such amendment should be refused.

STATUTE OF LIMITATIONS. Where plaintiff originally sued on a written contract, and afterwards amended his complaint by adding a second count on an implied contract for the same cause of action: *Held*, that such amendment could not be resisted on the ground that a new suit on such second count would then be barred by the statute of limitations; and that to strike out such second count on that ground was error.

APPEAL from the District Court of the First Judicial District, Storey County.

The opinion of the Court sets forth all the allegations of the pleadings, and the proceedings necessary for a full understanding of the points decided.

*Hillyer and Whitman,* for Appellant.

The contract set forth was clearly within the power of. the council to make, and has been executed by the plaintiff. If it be objected that the council was confined in the making of it to · providing for the indigent, the contract would only be objectionable in so far as it attempted to provide for those not indigent, not *in toto.* The demurrer then should not have been sustained, some portion of the complaint showing a cause of action.

The amendment was stricken out principally upon the ground that since the filing of the complaint, the statute of limitations had run in favor of defendants upon a cause of action founded upon a *quantum meruit,* but such was not the case at the commencement of the original action. The plaintiff, in his amendment, simply put himself and the defendants *in statu quo* as at that time.

If the statute had pointed out any special or peculiar mode of regulating the duties or compensation of. the city physician, he perhaps could have no cause of action against the city, unless this mode had been strictly followed; but the statute *ex industria* seems to leave the position of physician to be guided by ordinary rules and common usage; so, if he was employed, as averred, by the agents of the city, and rendered his services as requested by them, he was, in the absence of any express ordinance or law to the contrary, entitled to charge what his services were worth.

The · growing tendency of Courts has been properly directed to establishing the duties and liabilities of corporations in such manner that they may not be allowed to enjoy the *status* of a private individual without accepting its appertaining burdens. Unless the action of a corporation is strictly *ultra vires,* it will be held thereto, and this especially in the case of an executed contract. (*Pixley* v. *W. P. Railroad Co.,* 33 Cal. 183.)

*Aldrich and DeLong* and *Hoover and Cole*, for Respondents.

The written contract is void upon its face, it not appearing to have been made by competent authority, or for a purpose within the scope of the authority of the defendant under its charter, as it does not purport to be a contract made to provide for the indigent, or in establishing a city infirmary.

Corporations have no other powers than such as are especially granted, and can only exercise such powers as are granted in the mode pointed out by the act of incorporation. (*Whitman G. & S. Co.* v. *Williams et al.*, 4 Nev. — ; 2 Denio, 112; 3 Comstock, 433; 2 Kent's Com., 298; *Douglas* v. *Mayor and Common Council of Placerville*, 18 Cal. 643.)

A municipal corporation in the exercise of its legitimate powers can only act by and through its agents, appointed in the mode prescribed by the law of its creation. (*French* v. *Teschemacher*, 24 Cal. 550; *People* v. *Coon*, 25 Cal. 649; *Zottman* v. *City and County of San Francisco*, 20 Cal. 102; *Head* v. *Providence Ins. Co.*, 2 Cranch, 156.)

To bind a municipal corporation for services, it must appear that they were originally authorized or subsequently accepted by ordinance. (*Argenti* v. *City and County of San Francisco*, 16 Cal. 282; *Zottman* v. *City and County of San Francisco*, 20 Cal. 104.)

Under the charter the council could establish an infirmary and provide for the indigent, but it could do neither so as to bind the city by their act, except by an ordinance. As the plaintiff does not charge or anywhere show in his complaint that any ordinance was ever passed authorizing him to make use of his hospital as a city infirmary, or to provide medical attendance or medicines for indigent persons, the city is not bound, because he did it voluntarily without having any authority from any source so to do.

Parties dealing with a municipal corporation are chargeable with a full knowledge of its powers, and act at their peril. (*Branham* v. *Mayor and Common Council of San José*, 24 Cal. 585.)

If the express contract is void, plaintiff cannot recover upon an implied contract. (*Cowen* v. *Village of West Troy*, 43 Barb. 49; *Brady* v. *Mayor of City of New York*, 16 How. 432.)

To allow the amendment would have been as much an abuse of power as to allow one sueing upon a contract in his own right to demand and sue for the same thing in the additional capacity of an administrator.

By the Court, LEWIS, J.

The plaintiff brings this action to recover the sum of six thousand eight hundred and three dollars, claimed to be due him for services rendered as city physician, and upon the following contract which is made a part of the complaint:

"This agreement, made and entered into this fourteenth day of November, A.D. (1864) one thousand eight hundred and sixty-four, between the City of Virginia, County of Storey, State of Nevada, party of the first part, and Doctor Joseph C. Tucker, a practicing physician in and of the said City, County, and State, party of the second part, witnesseth: That for and in consideration of the sum of one dollar in hand paid to the party of the second part, by the party of the first part, receipt of which is hereby acknowledged, and the further consideration of five dollars to be paid by the said party of the first part to the said party of the second part in warrants drawn upon the General Fund of the said City of Virginia, for each and every medical or surgical visit or attendance upon each and every prisoner in the charge of any city officer, and each and every such officer injured or ill while in the discharge of his official duties, and also for each and every other person who may present the said party of the second part with a permit for such medical attendance, signed by the Mayor or any member of the Board of Common Council of the said City of Virginia, Storey County, State of Nevada. And the said. party of the second part, for and in consideration of the sum first above mentioned and the further payment to him by the said party of the first part of eight dollars in warrants to be drawn upon the general fund of the said City of Virginia for each and every day, each and every person admitted as hereinafter provided into the hospital of the said party of the second part, shall remain therein, agrees to furnish and provide for each and every person who may present a permit for admission into said hospital from the Mayor

or any member of the Board of Common Council of said City of Virginia, medical treatment, lodging, food, fuel, nurses, medicines, lights, and all other things necessary for such treatment, of a good and sufficient character. And the said party of the second part agrees to keep a correct record of all such persons receiving medical aid, and to record their names, nativities, age, condition, disease, treatment, and result of treatment, which record shall at all times be open to any member of the Board of Common Council of said City of Virginia. And it is further agreed between the said parties of the first and second parts that this agreement and contract shall continue in full force and existence upon the conditions therein expressed from the date hereof until the fifteenth day of September, A.D. (1865) one thousand eight hundred and sixty-five. And the clerk of the Board of Common Council or Mayor of the City of Virginia or other person empowered by law to draw warrants upon the funds of said City of Virginia, is hereby authorized and required and empowered to draw, by the said party of the first part, warrants upon the general fund of the said City of Virginia in favor of the said party of the second part in and for the amount of the bills of the said party of the second part for services rendered, at the prices before stated and in accordance with the provisions of this agreement and contract."

The first complaint in this action was filed in August, A.D. 1866, and simply declared upon the written contract above set out, and for the sum of $332 for services as city physician; but in May, A.D 1867, by leave of the Court it was amended by the addition of the following counts:

" That under and by virtue of the provisions of an Act of the Governor and Legislative Assembly of the Territory of Nevada, entitled 'An Act to incorporate the City of Virginia,' approved the nineteenth day of February, A.D. 1864, the said Mayor and Common Council had power, and it became their duty to establish a city infirmary and provide for the indigent.

" That plaintiff had a hospital and was prepared therein to receive and properly treat persons sick and diseased during his term of office as City Physician. That at divers times between the twenty-second day of December, A.D. 1864, and the twenty-eighth day of April,

1865, at the special instance and request of the body politic and corporate known and styled the Mayor and Common Council of the City of Virginia and the Mayor and Board of Aldermen of the City of Virginia, these defendants a body politic and corporate succeeding to all the rights, powers, duties, and liabilities of the body first aforesaid—plaintiff received into his hospital certain persons resident in the City of Virginia, sick and indigent, and then and there for such purpose used the same as the City Infirmary of said City. of Virginia, and then and there rendered unto each and every such person all necessary medical and surgical attendance, and furnished to each and every such person all necessary care, attention, medicines, fuel, nurses, lights, and lodgings, for the proper care and treatment of such sick and indigent persons as aforesaid. That such services and furnishings were worth in the aggregate the sum of four thousand four hundred dollars.

"And the plaintiff now annexes hereto a bill of particulars thereof marked Exhibit ' C,' and made part of this complaint. And plaintiff avers that by reason of such acts and doings on his part and the part of the two bodies politic and corporate aforesaid acting through their and each of their duly authorized agents, officers, servants, and members, the Mayor and Common Council of the City of Virginia and its successor the Mayor and Board of Aldermen of the City of Virginia, the present defendants, became indebted and liable to pay unto this plaintiff the sum last aforesaid. Yet though often thereto requested they refuse to pay the same or any part thereof, and the whole thereof is now justly due and owing and unpaid from said defendants to this plaintiff.

" And plaintiff further avers and shows that between the eighteenth day of November, A.D. 1864, and the fifteenth day of August, A.D. 1865, there were resident within the City of Virginia many persons indigent and sick needing medical treatment and care, and that the bodies politic and corporate aforenamed, and each of them, as they well and lawfully might do, requested of. plaintiff his services as physician for such persons.

" That at the special instance and request of such bodies and each of them acting by and through their officers, agents, and members during the term aforesaid, plaintiff did render unto divers

3

persons resident within the City of Virginia, indigent and sick, his care, skill, and services as a physician, treating such persons with the best of his ability.   That such services were worth the sum of two thousand and forty-six dollars.

"And plaintiff annexes hereto a more particular bill of such services marked Exhibit 'D,' and made a part hereof.   Plaintiff avers that by reason of such requests as aforesaid, and such services rendered as set forth, the said Mayor and Common Council of the City of Virginia and its successors, the Mayor and Board of Aldermen of the City of Virginia, the present defendants, became indebted unto him in the sum last aforesaid, and liable to pay the same unto him on demand; yet, though often thereto requested, defendants have refused and neglected to pay the same, or any part thereof.

"Plaintiff avers that the whole of said sum is now due, owing and unpaid, and is a just, legal and subsisting debt, due and owing from defendants unto this plaintiff.

"Plaintiff avers that, during the several times hereinbefore mentioned and specified, no successor to himself as City Physician as aforesaid was elected, appointed or qualified."

To this complaint the defendant interposed a demurrer, which was sustained by the Court below, and judgment rendered against plaintiff for costs.

Upon the demurrer only two questions of importance are presented for determination by this Court.   1st—Had the defendants the authority to enter into the written contract set out in the complaint? and, 2d—Can an action be maintained against them upon an implied contract in any case whatever?

We do not propose to discuss or question the correctness of the general proposition, that municipal corporations have no powers but those which are delegated to them by the charter or law creating them; that the powers expressly given and the necessary means of employing those powers constitute the limits of their authority.   It is conceded that beyond this they can have no active existence, and can do no act which the law can recognize as valid and obligatory upon them.

Therefore, to entitle the plaintiff to recover in this action, it must

Tucker *v.* Mayor and Board of Aldermen of the City of Virginia.

be shown that the defendants acted within the limits of their authority in the execution of their written contract, or the employment of plaintiff in the treatment of the indigent sick of the City of Virginia.

The only authority with respect to this subject which is conferred upon the defendants is found in sections sixteen and twenty-three of an Act of the Legislature, entitled an Act to incorporate the City of Virginia.    Laws of 1864, page 55.

The sixteenth section of this Act provides for an election by the Common Council of a City Physician, and the twenty-third section declares that the Common Council shall have power to " establish a Board of Health to prevent the introduction and spread of disease, to establish a City Infirmary and provide for the indigent."

Also : " To make all necessary contracts and agreements for the benefit of the City," and to fix and establish the fees, salaries and compensation of all city officers.

Appellant contends that the authority thus given to provide for the indigent includes the power to execute the contract upon which this action is brought.    We are also of the same opinion.

As the power to provide for the indigent is here given in general terms and unrestricted, and as the manner in which they shall be provided for is not specified or marked out in the Act of incorporation, it was perfectly competent for the defendants to employ the means usually adopted for that purpose, or indeed any such means as the circumstances made it necessary to employ.    When the power to do a certain thing is conferred upon a corporation, or a duty is imposed upon it, and the manner of executing the power or discharging such duty is not pointed out, the corporation may employ all the means necessary to execute the power so granted, or to discharge the duty so imposed.    If there was no infirmary belonging to the city, it was entirely proper for the defendants to contract for the care and maintenance of the indigent sick at private hospitals, or in any other manner which they may have deemed expedient. True, had the law incorporating the city fully prescribed the manner in which the indigent sick should be provided for, the defendants might not, perhaps, be permitted to adopt any other; but as no method is prescribed, they were left free to adopt such course as they deemed necessary.

However, whilst we are fully satisfied that the defendants had the power to make all necessary provision for the maintenance of the indigent sick and for medical attendance upon them, it is hardly necessary to say that their power and duties in this respect were strictly confined to the indigent; that they had no authority whatever to furnish medical attendance for any other person or class of persons at the expense of the city. They had no more·authority to employ medical attendance for the city officers than for any other inhabitant of the city who was not indigent. Their authority in this respect was confined strictly to those persons who, by reason of poverty, were unable to provide for themselves. But it is not alleged in the first count of the complaint in this action that the persons mentioned in the contract, and to whom plaintiff gave medical attendance, were indigent, neither does the contract itself show that fact. It is alleged in this first count: "That by the terms of such contract the said body agreed to pay the plaintiff in warrants drawn upon the General Fund of the City of Virginia the sum of five dollars for each and every medical or surgical visit or attendance upon each and every person in the charge of any city officer, and upon each and every such officer injured or ill whilst in the discharge of his official duties; and also upon each and every other person presenting plaintiff with a permit for such medical attendance signed by the Mayor or any member of the Board of Common Council of said city." If these persons for whom medical treatment was thus provided were not indigent, the contract was a mere nullity and in no wise obligatory upon the city; if they were, that fact should have been alleged. As it is, it does not appear that the defendants were authorized to execute the instrument sued on. It is apparent from that contract itself that the defendants sought to make provision for persons who could not be classed among the indigent; but it is quite probable that those to whom permits were given belonged to that class. If so, the contract as to them was valid and obligatory. However, that a class of persons were included in the contract for whom the defendants had no power to provide, does not invalidate it as to those for whom they had such power.

There being no allegation in this count that the persons treated

by the plaintiff under the contract were indigent, we are of the opinion that it is defective, and that the demurrer to it was properly sustained. (*Johnson et al.* v. *The County of Santa Clara*, 28 Cal. 545.)

To the second and third counts, however, we see no objection: The second is for services rendered as city physician.

It is alleged that the plaintiff was elected by the Council and rendered his services at the request of the defendants.

The Council had the power to elect a physician (Section 16, Laws of 1864, page 57). And as his duties are not prescribed in the Act, the defendants had the power to declare what they should be. Subdivision twentieth of Section 23 of the same Act conferred upon the defendants the power to fix his fees and compensation as city physician. The defendants having elected the plaintiff and imposed duties upon him which he discharged, we know of no reason why he should not receive whatever his services so rendered were reasonably worth. Had the defendants in fact fixed the compensation or fees which he should receive as physician for the city, there can be no doubt of his right to recover the compensation so fixed; that they neglected to do so does not deprive him of the right to recover whatever his services as city physician were reasonably worth.

The third count is for services rendered, not as city physician, but at the request of the defendants. It is clearly alleged in this count that the persons treated by him were sick and indigent, thus avoiding the objection urged against the first count. If, therefore, as we believe, the defendants had the authority to contract for the maintenance and for medical attention upon the indigent persons of the city, the plaintiff has in this count of his complaint stated a cause of action against them.

But it is argued the defendants cannot be holden upon an implied contract, even though they had the power to employ plaintiff —that they could bind themselves in no way except by ordinance.

The general rule is now very thoroughly established that a corporation like an individual may be bound upon an implied contract, provided it be within the scope of its corporate authority. (9 Paige, 496 ; 12 Johnson, 227.) We are not aware that there is any dis-

tinction in this respect between a municipal and a trading corporation.

If the charter or law of incorporation does not expressly make an ordinance or written contract necessary, there would seem to be no reason why, like individuals, they should not be holden upon implied contracts. There is nothing of the kind in the law incorporating the City of Virginia.

The general power is given " to make all necessary contracts and agreements for the benefit of the city." Whilst acting within the scope of their powers, therefore, the defendants are as completely bound by implied as by written contracts.

Hence the demurrer to this count of the complaint was improperly sustained.

It is further claimed by counsel for respondents that the second and third counts of this complaint should be stricken out, and a motion for that purpose was made in the Court below, based upon the grounds : 1st. That as the statute of limitations had run against the causes of action stated in those counts after the commencement of the action, but before that count was added by the amendment of the complaint, the Court should strike out that part of the pleading, otherwise the defendants could not avail themselves of that defense ; and, 2d. Because the amendment introduced a new and independent cause of action. We can see no substantial merit in either of these objections, and we are clearly of opinion that the motion should not have been sustained. That to allow an amendment of a complaint will deprive the defendant of his right to plead the statute of limitations, is usually considered no reason why such amendment should not be allowed. On the contrary, the Courts have always liberally allowed amendments for the very purpose of protecting litigants from the loss of rights by the running of these statutes. This is a reason very frequently given by the Courts for refusing to dismiss a suit where it is apparent that the plaintiff has a just cause for action. If a party commences his action within the time prescribed by the statute, he complies with its letter and spirit ; hence the statute should not be employed to defeat his right wholly, simply because he failed to correctly or fully state his cause of action.

Having fulfilled the requirements of the statute by bringing his action within the proper time, every reasonable indulgence should be allowed him in amending his pleading so as to save his right from the operation of the statute.

The fact, therefore, that an amendment would protect a party from the operation of the statute of limitation, instead of being a reason against allowing such amendment, rather favors it.

The second objection is clearly based upon misapprehension of fact. The amendment to the complaint presented no new or distinct cause of action. It is simply a new count for the same cause, the first count being based upon a written contract, while the second is upon an implied contract for the same services. Both counts are, therefore, for the same cause of action.

Hence we conclude that the motion to strike out should not have been sustained. The judgment below is reversed, with leave granted to plaintiff to amend the first count of his complaint in accordance with the views expressed in this opinion.