# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1873.

[Nos. 3,443, 3,481, and 3,585.]

HORACE GATES, *v.* FRANCIS SALMON, ANTONIO TALIMANTES, ISAAC R. JEWELL, ADMINISTRATOR OF THE ESTATE OF ANGEL BOJORQUES, DECEASED, JOHN McBROWN, SAMUEL BROWN, HAMILTON GASTON, MARTIN GASTON, S. A. MARSHALL, AND ONE HUNDRED AND FIFTY-SEVEN OTHERS.

LAW OF A CASE.—A decision rendered on an appeal, when a case is sent back for further proceedings, becomes the law of the case in all its stages.

CONVEYANCE BY PART OF TENANTS IN COMMON.—A conveyance by one or more of several tenants in common less than all, of a specific parcel described by metes and bounds of the land owned in common, makes the grantee a tenent in common to the extent of the interest of his grantors in the specific parcel of land described in the conveyance.

IDEM.—Such grantee occupies the precise position, so far as title is concerned, which his grantor or grantors held in the land described in the deed, and becomes a tenant in common, so far as the land conveyed is concerned, with those tenants in common who did not unite in the deed.

CAL. REPS. XLVI—46

---

Points decided.

---

STATEMENT ON APPEAL. — A statement on appeal is intended solely for the purpose of presenting errors of law for review, and an alleged error of the Court in finding a fact, cannot be reviewed on such statement.

REVIEW OF ERRONEOUS FINDING. — A finding in an action of partition that a party holds a particular title to the land, or the title or some portion of the title to a specified part of it, if erroneous, is an error of fact which cannot be reviewed by a statement on appeal.

DEFECTIVE FINDINGS. — If the Court, in partition, finds that a party holds a particular title, and in that respect has erred, the finding is not defective, and cannot be attacked as a defective finding by a bill of exceptions under section one hundred and eighty of the Practice Act.

PAROL AGREEMENT FOR PARTITION. — A parol agreement for a partition of land does not constitute a legal title. It is only an equity, of which a party cannot have the benefit in an action of partition without pleading it.

NOTICE OF PAROL AGREEMENT FOR PARTITION. — Parties who buy undivided interests in land held by tenants in common, are not bound by a parol agreement for a partition of the same, made by all the tenants in common before the purchase, and of which agreement the purchasers had no notice when they bought.

IDEM. — If a purchaser of a specific parcel of land from one of several tenants in common who own it, takes possession of the parcel thus conveyed to him, this possession does not impart notice to subsequent purchasers from the grantor, of a parol agreement for a partition, made by the tenants in common before the sale of the specific parcel.

CONTRACT FOR PARTITION. — A contract entered [into by several parties owning land in common, for a partition of the same, must bind all the tenants in common, or it binds none.

WIFE'S PAROL AGREEMENT TO PARTITION HER SEPARATE PROPERTY. — A parol agreement to partition land, made by the tenants in common who own it, does not bind the tenants in common who are married women, and own their undivided interests as separate property. The above rule has its origin under the statute of 1850, requiring the wife's sale of her separate property to be in writing, signed by both her and her husband.

IDEM. — Such agreement will not be enforced in equity against the tenants in common who are not married women, for the consideration for the undertaking on their part was the undertaking on the part of all the parties, and the agreement ought not to be enforced againt one unless it can be enforced against all.

REVIEW OF ERRORS IN PARTITION. — Parties to a partition suit who appeal, and who claim under one of several tenants in common, are not injured by an error in the findings or judgment alleged to have been made in respect to the ownership of the interests of other tenants in common under whom they claim no interest, and, therefore, are not entitled to have the judgment disturbed as to such alleged error.

ERROR WITHOUT PREJUDICE. — A judgment in partition will not be disturbed on appeal, by reason of an error which does not prejudice the party appealing.

ORDER BRINGING IN NEW PARTY TO ACTION. — The validity of an order, valid on its face, bringing in a new party to an action, will not be inquired into on appeal, unless an objection and exception to the order were taken when the same was made.

ERRONEOUS JUDGMENT IN PARTITION. — In partition it is erroneous to adjudge that persons who have been made parties to the action own interests in the land, in the absence of any allegations in the pleadings showing such ownership.

IDEM. — Such error can be remedied on the return of the cause to the Court below, by permitting answers to be filed by such parties setting up their interests, but the answers must set up only the interests the Court found they owned.

JUDGMENT IN PARTITION. — A deed of a specific tract of land described by metes and bounds, parcel of a larger tract owned by several as tenants in common, which is executed by one of the tenants who owns an undivided interest in the whole, conveys only his undivided interest in the tract described, and, in partition, the grantee of such specific tract is entitled to have his undivided interest in the specific tract set off to him, if it can be done without injury to the original tenants in common who did not unite in the deed. The heirs and assigns of such grantee are entitled to the same relief.

IDEM. — In making a partition, the conveyance of such specific tract may be disregarded if it be found necessary to do so in order to make a just allotment of the lands among those who own undivided interests and did not join in the deed.

SURPLUS ALLEGATION IN COMPLAINT. — An allegation in a complaint, that B. executed an instrument in writing, purporting to convey to T. a tract of land which is recorded (stating where), is a mere allegation of evidence, and may be disregarded as surplusage.

APPEAL FROM INTERLOCUTORY DECREE. — On an appeal from an interlocutory decree in partition, the Court will not anticipate difficulties that may present themselves to the Commissioners in making the partition, and lay down rules for their guidance, until the contingencies of the case require it.

APPEAL from the District Court of the Seventh Judicial District, County of Sonoma.

The former appeal, which is referred to in the opinion, is reported in 35 Cal. 576.

This was an action of partition. In the year 1851 Bartolome Bojorques, the owner of the Rancho Laguna de San

Antonio, containing twenty-four thousand nine hundred and three acres of land, conveyed to his eight children—Pedro, José Geraldo, Angel, and Juan, his sons; and Angela, wife of Henry Howe; Marcella, wife of Lopez Casus; Juana, wife of Ignacio Igara; and Theodecia, his daughters—the undivided eight ninths of the rancho. ' Subsequently, under the parol agreement stated in the opinion, many conveyances of particular parcels of the land, described by metes and bounds, were made to different persons, none of which were executed by all the tenants in common; but all were executed by two or more of them. The portions so conveyed are designated "special locations." This action was brought in May, 1860, by the plaintiff, Gates, who claimed the undivided one ninth interest of Angela in the land.

At the commencement of the action the defendants John McBrown and Samuel Brown were the owners of one undivided one third of the rancho. In October, 1865, John McBrown deeded certain interests in the land to William H. Dalton, Gastons, Warner, and others; and, in August, 1871, on motion of plaintiff's attorney, an order was made substituting those grantees of Brown to the interest derived by them under their deeds. An interlocutory decree was made partitioning one undivided part of the land to the plaintiff, and the residue among sixty-seven of the defendants, including the grantees of Brown, under the deeds of October, 1865. The Court held that as to the deeds of special locations by metes and bounds, respectively, as against the grantors in such deeds, the parties claiming under them were entitled to the whole of the land described therein, and decreed that the same be set off to such parties, respectively, if it could be done without prejudice to the original contenants and their grantees claiming under the deed from Bojorques to his children. Three appeals were taken—one by defendants José Williams, Antonio Talimantes, Isaac R. Jewell, and Adrian Godoy, administrator

of the estate of Angel Bojorques, deceased; another by defendants John McBrown and Samuel Brown; and the other by Hamilton Gaston, Martin Gaston, S. A. Marshall, and forty-five others.

The other facts are stated in the opinion.

*S. F. & L. Reynolds,* for Appellants.

Neither Dalton nor Warner were ever parties to the suit. Dalton's name is not mentioned in the record before the order of substitution was made. Warner was never served, nor did he at any time appear in the action, either personally, or by appearance, or by answer. The other grantees in the deed of October 14th, 1865, never appeared, nor answered as to this new interest acquired by this deed. Their answers are all as to the interest which they held at the time of filing them. Dalton and Warner, not being parties to the suit, are not bound by any decree, or other proceedings in this cause. The order made on the motion of the plaintiff's attorney did not make them parties, nor did that order operate to substitute the interest of the Browns to Dalton and others. If they had acquired the interest of the Browns, then they should have been regularly brought in as parties; and this new interest, acquired long after the commencement of the suit, should by them have been set forth by a supplemental answer. If Brown has conveyed his interest, or any part of it, to persons not parties to the suit, that is a matter to be settled between them outside of this action. If the deed, by which such interest was conveyed, was a deed purporting upon its face to convey the absolute fee, then any title, or separate interest acquired by Brown through this suit, immediately inures to the benefit of his grantees.

The Court should, therefore, have found the whole of the one third interest in the Browns, according to the pleadings and proofs in the cause, and decreed accordingly.

*Curry & Evans*, also for certain of the Appellants.

1. This whole matter has been so fully considered on the former appeal, that we deem it not necessary to refer to other authorities, or reargue the points already decided. That decision is the law of this case, for all questions raised by this appeal. The greater portion of the interests claimed by appellants, are derived from Angel Borjorques. He signed fourteen deeds, by metes and bounds, embracing, in the aggregate, six thousand one hundred and eight and twelve one hundredths acres. We admit that those deeds conveyed all his interest in the lands therein described, no more, no less. That leaves eighteen thousand seven hundred and ninety-four and eighty-eight one hundredths acres of the rancho, not covered by his deeds by metes and bounds, and in which he remained one of nine tenants in common. His one undivided ninth of the land, not covered by his deeds by metes and bounds, amounted to two thousand and eighty-eight and thirty-two one hundredths acres of average land.

Of this he conveyed to the Jewells, by his deed of December 23d, 1856, one thousand acres undivided, leaving one thousand and eighty-eight and thirty-three one hundredths, which he never parted with, and which we claim should be partitioned to Adrian Godoy, as the administrator of the estate of Angel Bojorques, deceased.

2. Theodocia executed all of the deeds by metes and bounds, and, therefore, her grantees of undivided interests are only entitled to one undivided ninth of that portion of the rancho not covered by such deeds, or, as it is said, by special location. And even if the Court below is right in charging the undivided interests of the grantors in the deeds by metes and bounds with a part of the land in such deeds described in proportion to the number of grantors in the deeds, then her interest in the rancho should be charged

accordingly, and her grantees of undivided interests take only her one undivided ninth, less the amount of lands he parted with in the execution of the deeds by metes and bounds. The judgment of the District Court, to the contrary, we maintain is erroneous. The findings having failed to show her execution of the deeds makes no difference, as where there is a discrepancy between the pleadings and the findings, the former must prevail. (*Burnett* v. *Stearns*, 33 Cal. 468.)

3. The complaint avers, and it is not denied, that Theodocia executed several of the deeds of special locations. Therefore those holding under her deed which purports to convey her undivided interest in the rancho, are only entitled to one undivided ninth of the land after the special locations deeded by her.

4. The complaint also sets forth, that Bartolome Bojorques, Henry Howe, and Angela, his wife, on the 18th day of October, 1852, executed an instrument in writing of record, etc., purporting to convey to Ezekiel Denman and James Denman a specified tract of three hundred and twenty acres of said rancho, by metes and bounds. The execution of this deed to the Denmans by Angela, with her husband and her father, is not denied by any of the defendants. Hence her interest in the rancho should have been charged with the one half of this three hundred and twenty acres, upon the theory of adjustment and partition which the Court adopted. If this three hundred and twenty acres had been charged to Angela and Bartolome instead of to Bartolome alone, then there would have been one hundred and twenty acres more in Bartolome to support or feed the deeds made by him after the date of the deed to the Denmans, and our clients would profit materially thereby. First—Because some of our clients claim under those deeds of Bartolome made subsequent to the Denman deed as aforesaid. Second—Because

Bartolome, being able to share the burden, it will be lighter on Angela, and leave the more for his estate.

*A. Thomas,* also for Appellants.

1. The Court below erred in its conclusions of law, in charging the undivided interests with the quantity of land which was conveyed by metes and bounds, by the original cotenants.

2. The Court erred in its conclusions of law, that the persons holding special locations were owners in severalty of the land conveyed by metes and bounds, by the original cotenants.

3. The Court erred in rendering judgment against the parties holding undivided interests, so far as to charge their interests with the quantity of land conveyed by the original co-tenants by metes and bounds.

4. The Court erred in adjudging that the persons holding land by deeds by metes and bounds, from the original co-tenants, were the owners in severalty thereof. (*Stark* v. *Barrett,* 15 Cal. 361; *Marshall* v. *Trumball,* 28 Conn. 183; *Adams* v. *The Briggs Iron Co.,* 7 Cush. 361.)

*F. D. Colton,* for Respondents.

The facts show a parol partition so far as the special locations are concerned, at any rate, in so far as they affect the cotenants who have executed any of those deeds. (*Long* v. *Dollarhide,* 24 Cal. 218; *Corbett* v. *Norcross,* 35 N. H. 99; *Hamilton* v. *Hamilton,* 4 Barr, 194; *Wendell* v. *Van Rensellaer,* 1 John. Ch. Rep., marginal pp. 353, 354; *Higinbotham* v. *Burnett,* 5 John Ch. Rep., marginal p. 188; *Rangely* v. *Spring,* 21 Me., 8 Shepley, 137, 138; *Marshall* v. *Price,* 12 N. H. 133; *Read* v. *Heasley,* 2 Monroe, 254; *McKelvy* v. *Truly,* 4 Watts and Serg. 425; *Tilton* v. *Nelson,* 27 Barb. 598, 599, 600, 601; *Thorn* v. *Bell,* Hill and Denio's Rep.,

Lalor's Supplement, 333; *Welland Canal Co.* v. *Hathaway,* 8 Wend., marginal p. 483.)

The Court should presume a release from the cotenants not executing a particular deed. (*Slice* v. *Derrick,* 2 Richardson, S. C. Rep., 630; *Gray* v. *Bates,* 3 Strobhart, 500.)

Possession under a deed from a cotenant will support a release. (*Stark* v. *Barrett,* 15 Cal. 369; *Johnson* v. *Stevens,* 7 Cush. 433.)

The claimants under the deeds by metes and bounds are equitably entitled to have these lands set off to them. The deeds are all bargain and sale deeds of the land described therein, with full covenants of warranty of title. If, in an action of partition in which these claimants were not parties, a tract so conveyed by metes and bounds should be partitioned to the share of the grantor of such tract, the grantee would hold it. In such an action the Court would probably order the partition made so that these tracts would be set off to the share of the grantors respectively in order to save the intervening equity. But under our practice every person claiming an interest in the land must be made a party to the action and his rights determined therein. (*De Uprey* v. *De Uprey,* 27 Cal. 335; *Gates* v. *Salmon et al.* 35 Cal. 586.) Therefore, if it is equitable that these pieces should be saved, they must, in this action, be set off directly to the grantees, and the amount deducted from the shares of the grantors. That they are entitled to have them so set off will appear from the statement of the case. A. and B. are cotenants, B. makes improvements on or obtains some extra interest in a particular portion of the common land. It will not be denied that on partition such particular portion would be set off to B. Suppose that previous to partition B. should deed to C. such particular portion, giving a deed of bargain and sale of the land, with full covenants of warranty. Now

CAL. REPS. XLVI—47

B. and C. together would constitute one cotenant, and A. the other. (*Stark* v. *Barrett*, 15 Cal. 370.) Suppose now that C. makes improvements on the land, and afterwards a partition is commenced. As against A., B. and C., forming together one cotenant, would be entitled to have the land set off to them, on the ground that they had a superior equity. As between B and C., C. would be entitled to have it set off to him on the ground that B. could not deny the validity of his deed. In support of these propositions we refer to the authorities following : 1 Story's Equity Jurisprudence, Sec. 656, b, c ; *Storey* v. *Johnson*, 2 Younge & Coll. 586 ; *Hart's Devisees* v. *Hawkins Heirs*, 3 Bibb, 508 ; *Webber* v. *Mallett*, 16 Maine, 4 Shep., 91 ; *Town* v. *Needham*, 3 Paige Ch. R. 553 ; *St. Felix* v. *Rankin et al.*, 4 Edwards Ch. R. 323.

It is proposed by the appellants to give the claimants under the deeds by metes and bounds, as many ninths of the tract so deeded as there are signatures to the respective deeds. We submit that the principle contained in this proposition is not good either in law or equity. Suppose that A. and B. are tenants in common ; B. conveys one half of the land in small tracts to different persons ; A. certainly could not be compelled to take one half of each piece sold, leaving B. the one half of the unsold part; but A. would take the unsold part, and the grantees of B. would take their respective pieces.

The appellants cite *Gates* v. *Salmon et al.*, 35 Cal. 588, as supporting their proposition ; but, as I understand it, nothing was decided in that case, except the question as to whether the claimants, under these deeds, were proper parties to the action.

By the Court, RHODES, J.:

Three separate appeals from the judgment were taken by different parties to this action, but the records are alike,

except that in one there is a statement on appeal. The three appeals will be considered together.

On the former appeal the principal question was whether the holders of the special locations—those who had acquired title to specific parcels of the rancho from one or more of the tenants in common of the rancho—were necessary parties to the action; and in passing upon that question, it became necessary to ascertain what title to a special location would pass by virtue of a deed executed by one or more of the tenants in common of the rancho. It was then held—and that is the law of this case—that the holders of the special locations were necessary parties to the action for partition ; and that each of them, by virtue of the deed of the tenant in common under whom he claimed, acquired the title of such tenant in common in the special location described in the deed, and that he thereby became a tenant in common of each special location—that he stood precisely in the place of his grantor, in respect to the special location, and as to it became a tenant in common with those tenants in common of the rancho, who had not united in his deed.

The finding of the facts is not attacked by any of the present appellants, except John McBrown and Samuel Brown, who, in their statement on appeal, specify as errors the refusal of the Court to find certain facts in respect to their title. The findings, as we understand them, cover the whole title to the rancho, and if the Court, in finding that a certain party holds a particular title to the rancho, or the title, or some portion of the title, to a special location, has erred, it is an error of fact. A party who claims that such title should have been found for him, instead of the party mentioned in the finding, cannot present the alleged error to this Court for review by means of a statement on appeal, for such statement is intended solely for the purpose of bringing up alleged errors of law. Nor can the same result be attained by regarding the statement as embodying a bill of

exceptions, as provided for by section one hundred and eighty of the Practice Act, in case of defective findings. When the Court has found that a certain party holds a particular title, and in that respect has erred, the findings cannot be said, within the meaning of that section, to be defective, and the Court cannot be called upon to substitute another finding in its place. But had the Court omitted to find as to the ownership of the particular title in question, the findings would have been defective; and if the Court had refused to find upon that issue, after being requested so to do, it would have been error.

The facts stated in the findings must be regarded as true, for all the purposes of the appeals, as the appeals were taken from the judgment alone; and the only questions which arise are those relating to the conclusions of law to be drawn from the facts in the case, and the question respecting the substiution of certain parties.

On the last trial it was found by the Court, that while Bartolome Bojorques and his eight children were tenants in common of the rancho, "there was an understanding among them as tenants in common that each might sell specific portions of said rancho by metes and bounds, and receive the consideration therefor, and that the land so sold should come out of the share of the one who sold the land and received the consideration; that under said understanding the deeds by metes and bounds were made." It is also found "that the grantees of the undivided and other interests of the original nine claimants, named in the deed of Bartolome Bojorques to his eight children, had no notice of the existence of the facts found in this finding, in regard to the understanding between the nine original cotenants or the application of the proceeds of the sales."

Certain of the defendants, who claim specific portions of the rancho, aver in their answer that immediately after the execution of the deed, by which Bartolome Bojorques con-

veyed to his eight children the undivided eight ninths of
the rancho, Bartolome and his children made a parol agree-
ment between themselves, to the effect that each might sell
and convey the entire title in and to portions of the rancho,
to be described by metes and bounds; that such conveyance
was to operate as and be a partition; and that each parcel
so sold should come out of the share of the person or per-
sons conveying it; and it is averred that the several deeds
of the special locations were executed under and in ac-
cordance with that agreement. A large portion of those
who acquired title under the conveyances of the special
locations, have not set up the parol agreement for a parti-
tion. They of course cannot avail themselves of that agree-
ment, for it does not constitute a legal title, but in any view,
it is only an equity, of which a party cannot have the benefit
without pleading it. Those parties who acquired undivided
interests in the rancho, are not chargeable with the parol
agreement for the partition, for it is found that they had no
notice of it. The possession which the purchasers of the
special locations took and held, did not impart notice to sub-
sequent purchasers from their grantors of the parol agree-
ment. The inquiry which was incumbent on them because
of such possession, was fully satisfied by the deeds for the
special locations, for they were sufficient to account for such
possession, and they were under no obligation to search or
inquire for any other possible right, title, or interest which
the purchasers of the special locations may have held.

We have thus far considered the questions touching the
parol agreement for a partition, upon the assumption that
the agreement was valid. But was that agreement valid
and binding upon the original tenants in common—Barto-
lome and his children?

A contract which is entered into by several parties, for
the purpose of effecting a partition of lands, which they hold
in common, must be binding upon all the parties, or it binds

none.   The partition, whether it operates as a mutual trans-
fer or release of title, or only as a severance of the unity of
possession, will fail unless it operates upon, and affects the
title or possession of all the tenants in common.   If one or
more of them are not bound by the contract, the purpose
fails of accomplishment, for no one then will become a tenant
in severalty.

At the time when the parol agreement for the partition
was made, three of the tenants in common were married
women.   The Act of eighteen hundred and fifty, defining
the rights of husband and wife, requires an instrument in
writing, signed by the husband and wife, in case of a sale
or other alienation of the wife's separate property.   The
provision of this novel contract, that the sale and convey-
ance of a specific parcel of the rancho, by one of the tenants
in common, should operate as a conveyance in fee of the
entire title, and as a partition (as stated in the answers of
certain of the defendants), or operate only as a partition (as
stated in the findings) could have effect, only on the theory
that such conveyance by one tenant in common, or the parol
contract, or both together, transferred the title of the other
tenants in common, or amounted as a release of their several
interests, or in some other mode extinguished their rights
therein; and whatever may have been the mode or process
by which the intended result was to be reached, it is mani-
fest that the result could not be attained, except by means of
an alienation made by the other tenants in common of their
interest in the land which was conveyed by the one tenant
in common.   Such an alienation, when made by a married
woman, is imperatively required by the statute to be in
writing, and signed by both her and her husband.   The parol
agreement, therefore, was not binding upon the tenants in
common, who were married women when the contract was
attempted to be made.   It will not be enforced in equity
against the other tenants in common, for their assent to the

contract was given under the belief, that all the tenants in common were parties to the agreement; and the consideration for the undertaking on their part was the undertaking on the part of all the parties; and it is obvious that it ought not to be upheld as against one, unless it could.be enforced as against all the tenants in common.

Some of the points presented by the administrator of Angel Bojorques, deceased, Antonio Talimantes, José Williams, and Isaac R. Jewell, are entirely disposed of by the foregoing views. It is urged that those holding interests in the rancho, acquired through the deed of Theodocia, purporting to convey her undivided interest in the rancho, are only entitled to one undivided ninth of the rancho, after deducting the special locations conveyed by her. This position is mainly based on the fact, that the complaint avers the execution by her of several of the deeds of special locations, and that the averments are not denied by the answers. Without adverting to the question of the effect of a failure to deny averments of that character, it is sufficient to say that the appellants above named are not interested in the question presented by that point, and will not be affected by its decision. If Theodocia made no valid deed of any special location, the grantees of her undivided interest in the rancho acquired all her interest therein—an undivided ninth; and if she did convey one or more special locations, the grantees thereof, together with her grantees of her undivided interest in the rancho, took only one undivided ninth of the rancho. The other original tenants in common, and their grantees, whether of undivided interest or of special locations, are unaffected, either in the amount of their interests, or their rights or equities, in respect to the partition, by the question whether Theodocia did or did not convey any of the special locations. The question concerns only those who claim under her.

The points of the same appellants in respect to the deeds

to the Denmans, and to Hewlett (in one of which, it is alleged in the complaint that Angela, and in the other that Theodocia joined), are not tenable for the reasons just stated. The appellants claim neither under nor adversely to any of the parties to those deeds, but under other of the original tenants in common; and it cannot be true, as asserted by them, without overturning the law of the case and reversing the rules here laid down, that "by charging Theodocia and Angela, as we claim they should be charged [with certain special locations], we obtain in the division of the estate a larger share." A party claiming under one deed of a special location, is not bettered by making it appear that it is admitted by the pleadings that another deed of another special location, executed to other parties, was, in fact, executed by more of the original tenants in common than are stated by the findings. If the Court overlooked such admission of the pleadings, the error cannot prejudice any one but those claiming under the last mentioned deed.

The defendant Winn has not appealed; and the point in respect to the date of his contract for the purchase of a certain portion of the rancho, cannot be raised by these appellants, for the decision of the question either way is of no interest to them.

The appellants, John McBrown and Samuel Brown, present the point that Dalton, Warner, and others, who were found to be owners of certain interests in the lands, were not parties to the action, and are, therefore, not bound by the judgment. The record, and the stipulation thereto annexed, show that various orders were made, by which all the persons named by these appellants were substituted in the place of certain parties to the action, as to certain interests in the lands, specified in the orders. Those orders appear on their face to be valid, but whether the Court in fact erred in making the orders, cannot now be inquired into, because no objection or exception thereto was taken, when

the orders were made. It was, without doubt, irregular and erroneous to order judgment that the persons thus substituted were the owners of certain interests in the lands, in the absence of any allegations in the pleadings showing such ownership; but the error may readily be remedied on the return of the cause to the Court below, by permitting answers to be filed by the parties who were substituted, averring their respective interests, and the time and means of their acquisition. This course is proper, for the record shows that, as to some of the parties thus substituted (and it will be presumed as to all of them), evidence showing the transfer of the interest in the lands, was offered and received without objection.

The respective parties claiming under the deeds of the special locations—the deeds of parcels of the rancho, described by metes and bounds—acquired the interest therein which their respective grantors held at the time of the execution of the deeds—that is to say, if a deed was executed by only one of the original tenants in common (Bartolome Bojorques and his children), it conveyed one undivided ninth of the special location, and if it was executed by two or more of the original tenants in common, it conveyed one undivided ninth of the special location, for each of the original tenants in common who united in the deed. The grantee of each of such deeds, is entitled to have his interest in the special locations set off to him, if it can be done without injury to the original tenants in common who did not unite in the conveyance, and their successors in interest. The heirs and assigns of such grantee are entitled to the same relief; and so also is the grantee of a special location, which was granted by any owner of an undivided interest in the rancho, other than the original cotenants.

In making the partition, the conveyance of a special loca-

tion may be disregarded, if it be found necessary to do so, in order to make a just and equitable allotment of the lands among those who own undivided interests in the rancho, other than those who executed the deed for the special location, and their successors in interest.

Cause remanded with directions to permit the parties who have been substituted in the place of other parties to the action, to file answers setting up their interest in the premises; and with the further directions to modify the judgment in accordance with this opinion—the costs of these appeals to be apportioned among the parties, with the other costs in the action.

[The foregoing opinion was delivered at the July Term, 1873; and petitions for rehearing or modification of the judgment having been presented, the following opinion was delivered at the October Term, 1873.]

By the Court, RHODES, J.:

Three petitions for rehearing or modification of the judgment have been filed. In one of the petitions it is suggested that the Court overlooked certain allegations in the complaint; and it is insisted that the matters therein stated stand as admitted facts in the case, because they were not denied in the answer. The complaint contains many allegations in this form, viz: "That Maria Bojorques * * * and Theodosia Bojorques, on the 24th day of January, A. D. 1853, executed an instrument in writing, of record in book 'A' of deeds, Marin County Records, page two hundred and fifty-seven, etc., purporting to convey to John Tustin a specified tract of one hundred and sixty acres of land, by metes and bounds, and being a portion of the said rancho." This allegation does not relate in any manner to the plaintiff's title. It does not state that the instrument was, in

fact, a conveyance, nor that it, in fact, conveyed any title to Justin, nor that he held any title to the lands mentioned in the instrument, at the commencement of the action. The matter averred is not an ultimate fact—that is to say, a fact which is required to be stated in a complaint in partition, and which, if not denied by the answer, would stand as admitted ; but it is merely matter of evidence, which might be stricken from the complaint, and must be regarded as surplusage.

In respect to the petition of John McBrown and Samuel Brown, it is only necessary to say that the persons who were substituted for them as defendants will be permitted in their answers to set up only such right, title, or interest in the lands as the Court found that they respectively held—that is to say, their answers must conform to the findings and interlocutory decree.

The petition of D. Morrow and others is, in effect, a request that this Court will anticipate the difficulties and contingencies that may present themselves to the Commissioners in making the partition, and lay down rules for their guidance in each instance. We have no doubt that the Commissioners and the District Court will be found competent to make an equitable and just partition; and we must decline to lay down any rules for their guidance until the exigencies of the case require it.

Petitions denied.

Mr. Chief Justice WALLACE, being disqualified, did not participate in the decisions of these causes.