[S. F. No. 6781.   Department One.—February 28, 1916.]

## EAST SHORE COMPANY, Respondent, v. RICHMOND BELT RAILWAY et al., Respondents; J. GOODWIN THOMPSON, Appellant.

PARTITION—EQUITABLE ACTION—PRINCIPLES GOVERNING ALLOTMENT—IMPROVEMENTS BY COTENANT—CONVEYANCE IN SEVERALTY.—In a suit in partition the court should not only allot to a cotenant that part of the common land upon which he has valuable improvements, but should also set apart a specific tract to the share of a cotenant who has undertaken to convey the title in fee to such tract in severalty, so that the grantee may have that which is justly his, when such disposition of the land can be made, without material injury to the rights and interests of the other cotenants.

ID.—RIGHTS OF GRANTEE OF TENANT IN COMMON.—Where a tenant in common makes a grant of the whole title of a parcel of the entire tract, his grantee takes the title, as his grantor held it, as tenant in common with the cotenants of his grantor, but the conveyance does not sever the special tract from the general tract so far as the cotenants are concerned, and the interest of the grantee is, as was that of his grantor, subject to the contingency of the loss of the special tract if, on the partition of the general tract, the special tract should be allotted to one of the cotenants.

ID.—EFFECT OF CONVEYANCE IN WHOLE TITLE BY TENANT IN COMMON. A conveyance in whole title by a tenant in common does not as to the cotenants sever the special tract from the general tract, and their rights of partition of the general tract are not affected by the fact that the conveyance has been made.

ID. — TENANTS IN COMMON — CANNOT CREATE EASEMENT AGAINST INTERESTS OF COTENANTS.—A tenant in common cannot, by conveyance, create an easement in the common land which would be good against any of the cotenants other than himself.

ID.—CANNOT BASE APPEAL UPON ERRORS AS TO CONVEYANCES BY COTENANTS.—Errors with relation to the conveyances of special tracts located within the common land by other cotenants are immaterial to any cotenant not a party to such conveyances and are insufficient to authorize the reversal of the judgment on his appeal.

ID.—EASEMENT GRANTED BY ONE TENANT IN COMMON.—Where one tenant in common grants an easement in favor of a third person, no partition could justly be made which would make any disposition to the grantee of that easement that would be prejudicial to the interests of the other tenants in common.

ID.—EVIDENCE OF GRANTS SINCE ACTION COMMENCED—REOPENING CASE. One tenant in common cannot successfully object to the action of the

court in opening the case and permitting proof of some conveyances of special locations made by other cotenants after the suit was begun and not mentioned in any pleading on file, since such conveyances involve only the relative rights of the grantees and grantors in the parcel that may be set apart by the partition to such grantors.

ID.—CANNOT COMPLAIN UNLESS DELAY AND INJURY CAUSED THEREBY.— If reopening the case and permitting proof of conveyances of special tracts by other cotenants caused no delay in the decision of the case and no injury to a cotenant, he cannot complain of the court's following that method of procedure, although it might be in itself erroneous.

ID. — CONVEYANCE BY TENANT IN COMMON PENDING ACTION — GRANTOR MAY APPEAR IN INTEREST OF HIS GRANTEE.—A tenant in common, who has transferred his interest in the property during the pendency of the action, may make a motion in the interest of his grantee to reopen the case and take testimony as to conveyances made after the suit was commenced.

ID.—RIGHT OF GRANTEE TO ALLOTMENT OF LAND CONVEYED.—In an action of partition · the grantee of each parcel from a tenant in common is entitled to have the same set off to him out of the share of his grantor if it can be done without injury to the other tenants in common, and the fact that he holds contiguous land which will make his ownership of the specific parcel more advantageous to him cannot justify the allotment thereof to him if to do so would materially injure another tenant in common.

ID.—TIME TO OBJECT TO ALLOTMENT.—The time for objection because of the consideration of facts found by the court as to the ownership by certain grantees of certain contiguous tracts which rendered the specific tracts granted to them more valuable to them, is when the report of the referee is made to the court, because it will not be presumed that the referee will take such facts into consideration to the injury of any other tenant in common in view of the declaration in the judgment that no partition respecting such special parcel can be made to the injury of another tenant in common.

ID.—PRESUMPTION THAT PARTITION CAN BE MADE WITHOUT PREJUDICE. One who claims that common land is not susceptible of equitable partition except by a sale, has the burden of proving it.

ID.—APPEALS—BURDEN OF PROOF OF PREJUDICE BY PARTITION.—A tenant in common, who upon appeal contends for a sale instead of a partition as ordered by the trial court, must show that it appears by the evidence that a partition would be prejudicial to the owners of the property.

ID.—FINDINGS—CONFLICTING EVIDENCE.—A finding upon a substantial conflict in the evidence is conclusive upon appeal.

ID.—FACTS TO BE CONSIDERED BY REFEREE IN MAKING PARTITION.— When the property involved in an action of partition consists of

tide-land lots useful to the adjacent higher land as a means of access therefrom to navigable water, worth more to the owners of such higher land than to others, even if, owing to its proximity to centers of population or commerce, or owing to the different uses to which the adjacent higher land is devoted, some portion of the common land would be of far more value than other portions as a means of access to navigable water, the referee can take these matters into account in making the partition.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Nowlin & Fassett, Morrison, Dunne & Brobeck, and Ernest K. Little, for Appellant.

Richard Bayne, Cushing & Cushing, Johnson & Shaw, E. B. Taylor, Platt Kent, E. W. Camp, Alfred Sutro, H. A. Mosher, M. R. Jones, Pillsbury, Madison & Sutro, and A. D. Plaw, for Respondents.

SHAW, J.—The action was for partition of lands. The Richmond Belt Railway had obtained from the East Shore Company, before the action was begun, a deed purporting to convey to it, in severalty and entirety, certain strips or parcels of the common land. The deed stated that the strips were conveyed "as and for a right of way" for a railroad "to have and to hold all and singular the said premises, right and privilege unto" the said grantee "so long as the same shall be used for railroad or terminal purposes." During the progress of the suit, and before the decision in the court below, some of the common owners made deeds purporting to convey to third persons, in severalty, the whole title to other specific parcels of the common land. After the evidence was closed and the cause was submitted the court, on motion of plaintiff, opened the case and allowed proof to be made of these conveyances. This was done over the objection of the appellant.

The court found as a fact that the land was susceptible of division between the common owners without material injury to their interests. Thereupon it made an interlocutory judgment of partition, declaring the interests of the respective

tenants in common, setting forth, also, the said several conveyances of entire parcels thereof to third persons and describing said parcels, and appointing three persons as referees to make the partition. With respect to the specific parcels conveyed in whole title, the judgment directed that each such parcel be charged against and deducted from the share of the common owner who made the conveyance, that such common owner should be allotted only the interest remaining in him after such deduction, and that each person so receiving a conveyance of a parcel in whole title should have such parcel set apart to him, provided the same could be done without material injury to the rights and interests of other tenants in common who did not join in such conveyance. From this interlocutory judgment the defendant, J. Goodwin Thompson, appeals.

Certain principles have been established in this state concerning the rights of the parties where one tenant in common has conveyed, in whole title, a part of the common land, which principles control the decision in this case. They are well stated in the following extracts from our decisions: ''A suit in partition under our code is, in its nature and essence, equitable, and the court, in its decree, proceeding to do what is 'equitable, just, and proper,' will not only allot to a cotenant that part of the common land upon which he has valuable improvements, but will also set apart a specific tract to the share of a cotenant who has undertaken to convey the title in fee to such tract in severalty, so that the grantee may have that which is justly his, when such disposition of the land can be made 'without material injury to the rights and interests of the other cotenants!' '' (*Emeric* v. *Alvarado*, 90 Cal. 444, 457, [27 Pac. 356].) Substantially the same doctrine is stated in each of the two decisions in *Gates* v. *Salmon*, the first reported in 35 Cal. 576, [95 Am. Dec. 139], and the other in 46 Cal. 361, and in section 764 of the Code of Civil Procedure. Another rule is stated in the first case, at page 588, where the court says, with respect to a conveyance of such special tract: ''The grantor, before his conveyance of the special tract, held his undivided interest therein subject to the contingency of the loss of it, if on the partition of the general tract the special tract should be allotted to one of his cotenants. The grantee, then, acquires all the interest of his grantor in the special tract, and that interest is a tenancy in

the special tract in common with the cotenants of his grantor, but his conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, and the general tract is, therefore, liable to a partition so far as the cotenants of the grantor are concerned, as it would be had the conveyance of the special tract not been made.'' In pursuance of this doctrine it was held in *Pfeiffer* v. *Regents of University*, 74 Cal. 156, [15 Pac. 622], that one tenant in common could not by his conveyance create an easement in the common land which would be good against any of the tenants other than himself.

A large portion of the brief of the appellant is devoted to an endeavor to show errors with relation to the conveyances of special tracts located within the common land by tenants other than himself. With respect to all of these it need only be said that the appellant, since he did not join in the conveyances and since his share cannot be affected in any injurious manner by anything done under the decree with respect to these specific parcels, has no interest in the question, and the errors, if any, are immaterial to him and insufficient to authorize the reversal of the judgment, upon his appeal. This was decided in *Gates* v. *Salmon*, 46 Cal. 361, 375. Referring to a conveyance by Theodocia, one of the tenants, of a specific parcel of the common land, the court said: ''The other original tenants in common, and their grantees, whether of undivided interest or of special locations, are unaffected, either in the amount of their interests, or their rights or equities, in respect to the partition, by the question whether Theodocia did or did not convey any of the special locations. The question concerns only those who claim under her.'' The same rule renders it immaterial whether or not the deed above mentioned to the Richmond Belt Railway conveyed the title in fee or only an easement. Whether it was a fee or an easement, it affected only the interest of the grantor, the East Shore Company, in the common land, and no partition could justly be made under the decree herein which would make any disposition to the grantee of that easement that would be prejudicial to the interests of the other tenants in common.

The appellant objects to the action of the court in opening the case and permitting proof of some conveyances of special locations, which were made after the suit was begun and

which were not mentioned in any pleading on file. The
same principle applies to this objection. None of these con-
veyances was made by the appellant, and as they involve only
the relative rights of the grantees and grantors in the share
set apart by the partition to the grantors and cannot, under
the decree, in any respect injure the appellant, the ruling
of the court thereon is one which he cannot question. It is
immaterial to him whether the causes of action of these
grantees, with respect to their respective grantors, existed
when the action was begun or not. Perhaps if the procedure
resorted to had resulted in a delay of the decision of the case
which worked injury to the appellant in its practical opera-
tion, he might be allowed to make an objection, but no injury
of this kind is suggested or claimed. The opening of the
case caused a delay of only a few weeks, and it does not ap-
pear that the appellant was at all prejudiced thereby. In
this behalf it is urged that the motion to reopen the case was
made by the East Shore Company, originally one of the ten-
ants in common, and he claims that by its conveyances it had
parted with its entire interest. From this he argues that a
motion made by one not having any interest should not have
been entertained. But our code specially provides that where
the right of action is transferred during the pendency of an
action thereon, such action may be continued in the name
of the original party, or in the name of the transferee, in the
discretion of the court. (Code Civ. Proc., sec. 385.) It fol-
lows, therefore, that the East Shore Company had the author-
ity to make the motion, if not in its own interest, then in the
interest of its grantees. It may be added that the respond-
ents dispute the statement that the East Shore Company had
transferred its entire interest.

The court, among other things, made findings that certain
of the grantees of specific parcels above referred to owned
other lands contiguous to such specific parcels, not within the
land to be partitioned, upon which contiguous tracts they
had made valuable improvements, and that the special par-
cels conveyed by the tenants in common to them, respectively,
were convenient to the enjoyment of the contiguous lands
and for the use and protection thereof. The appellant claims
that the evidence is insufficient to support these findings.
We think this is an inquiry upon which we need not enter.
There is nothing in the judgment that requires the referees

to consider these facts in making the partition. The facts are not mentioned in the judgment. They are wholly immaterial to the judgment and should not be considered by the referees. The grantee of each parcel is entitled to have the same set off to him out of the share of his grantor, if it can be done without injury to the other tenants in common. The fact that he owns contiguous land which will make his ownership of the specific parcel more advantageous to him cannot justify the allotment thereof to him, if to do so would in fact materially injure another tenant in common. If it does not injure such other tenant, then he has no reason to complain of such finding. In any event, the time for objection because of the consideration of such facts, if they are considered, is when the report of the referees is made to the court. It will not be presumed that the referees will take such fact into consideration to the injury of any other tenant in common, in view of the declaration in the judgment that no partition respecting such special parcels can be made to the injury of another tenant in common.

The remaining contention of the appellant is that the finding of the court that the land is susceptible of partition without prejudice to the owners is not supported by the evidence. The provision of the code on the subject is that "if it appears by the evidence, whether alleged in the complaint or not, that the property or any part of it is so situated that partition cannot be made without great prejudice to the owners, the court may order the sale thereof; otherwise, upon the requisite proofs being made, it must order a partition according to the respective rights of the parties as ascertained by the court." (Code Civ. Proc., sec. 763.) The presumption is that land held in common tenancy can be equitably divided between the parties by allotting to each a tract in severalty, equal to his interest in the whole, measured by value. It is only where the contrary "appears by the evidence" that a sale may be ordered. Hence, a tenant who, upon appeal, contends for a sale, instead of a partition as ordered by the court below, must show that it appears by the evidence that a partition would prejudice the owners. The burden of proof to show such prejudice rests on him. This was expressly decided in *Mitchell* v. *Cline*, 84 Cal. 409, 418, [24 Pac. 164]. A finding on the subject is governed by the well-established rule that where it is given upon a substantial conflict in the evidence,

it is conclusive on appeal.  The appellant admits that competent witnesses testified that an equitable partition of the land among the parties could be made.  He relies on other testimony to the effect that the land consisted of a series of tide-land lots and was useful to the adjacent higher land as a means of access therefrom to navigable water, and that it was worth more to them for that purpose than to anyone else. We are at a loss to perceive how this renders the lots incapable of an equitable division by allotment.  Even if it is true, as argued by appellant, that owing to its proximity to centers of population or commerce, or to the different uses to which the adjacent higher land is devoted, some portions of the common land would be of far more value than other portions for this purpose, no reason appears why the referees cannot as well take account of this, as of other elements of value, in making the partition.  The decision in *McGillivray* v. *Evans,* 27 Cal. 92, 96, and subsequent cases regarding the same property, that water used for mining purposes, running in a ditch and owned by several persons as tenants in common, in differing interests, one party having the first right to twenty inches in times of high water, and to only one-fourth of the flow in low water, not exceeding twenty inches, the remainder being owned by plaintiff and defendants, respectively, in the proportion of two-fifths to three-fifths, was not susceptible of a just mechanical division, has no application to this case.  It lays down no rule applying to all easements, not even to all rights to the flow of water. And even if it did, the circumstances bear no resemblance to those here appearing.  We find no cause in the circumstances shown which would justify this court in overthrowing the finding.

The interlocutory judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.