[Civ. No. 4183. Fourth Dist. July 17, 1951.]

EMILY J. STING, Respondent, v. MARY BECKHAM, Appellant.

George D. Blair for Appellant.

Best, Best & Krieger and Arthur L. Littleworth for Respondent.

BARNARD, P. J.—This is an appeal from an order confirming the sale of real property. The property consists of 60 acres of unimproved land, being five 10-acre lots and two 5-acre lots in a certain subdivision. Each of the parties to the action owned a one-half interest in the property. In this action for a partition the court ordered the land sold and appointed a referee for that purpose. That order was affirmed on a previous appeal. (*Sting* v. *Beckham,* 94 Cal.App.2d 823 [211 P.2d 586].)

On June 28, 1950, the referee filed his return and report showing that the plaintiff had bid $15,000 for all of the property. It also set forth that the defendant had bid certain amounts for five of the parcels and that a third party had bid $5,500 for two of the parcels, these separate bids totaling $14,400.

On June 29, 1950, the plaintiff, claiming to be the purchaser of the property, filed a petition to confirm the sale to her. On the same day, notice was duly given and served of a hearing on this petition for confirmation of sale to be held on July 10, 1950. On July 7, 1950, the defendant filed an objection to such confirmation, with a request that the court direct the referee to sell two of the parcels to the defendant for $8,000, and that the court confirm said sale. On the same date, the defendant served and filed a notice that on July 24, 1950, she would move the court to refuse to confirm the report of the referee or to confirm any sales proposed by said report, or

the petition of the plaintiff, "except the sale to defendants Beckham."

When the matter came on for hearing on July 10, 1950, the court overruled the objections filed by the defendant and denied her motion for a continuance. An argument between the parties then ensued as to whether the court should receive bids for the entire tract as a whole or for individual parcels. The court ruled that it would hear bids both ways and would sell the property to the person or persons bidding the highest amount for the entire tract, or for all of the parcels. The defendant then made various bids for separate parcels, the final bids on the separate parcels totaling $16,850. The plaintiff continued to bid more for the entire property than the aggregate of the defendant's bids for the separate parcels. The defendant finally bid $17,250 for the entire property and the plaintiff raised this to $17,500. The judge called for further bids without success, and then declared the property sold to the plaintiff for $17,500, as the highest bid either on an entire or a separate basis. An order confirming the sale to the plaintiff was then entered, from which the defendant has appealed upon the clerk's transcript and an agreed statement.

It is first contended that the court abused its discretion in refusing to continue the hearing to July 24, the date noticed by the defendant for the hearing of her opposition to confirmation. The plaintiff had given the 10-day notice required by section 784 of the Code of Civil Procedure, and the defendant not only had ample notice but appeared at the time set. So far as the record discloses, no reasonable ground for a continuance was presented to the court, and no facts were brought out which would indicate the probability of any benefit or advantage to accrue from such a continuance. No abuse of discretion appears.

It is next contended that the court erred in considering the return and report of the referee. It is argued that no sale had been made by the referee, and that the court had nothing before it to confirm.

The return and report of the referee sets forth that he had been appointed by the court to sell the property; that he had given notice of the time and place of sale in a manner which conforms to the statutory requirement; that he had received various bids as above described; and that these bids were the highest and best he had received. While he did not pray for a confirmation of any sale he asked the court to direct him "respecting the disposition of the proceeds to be received from

the sale of said real property." The petition of the plaintiff for a confirmation of the sale referred to the referee's "report on said sale," and prayed for an order confirming said sale and directing the execution of the conveyance to the plaintiff as the purchaser. Any irregularities in the return of sale are more fanciful than real. All parties had notice, were present, and fully understood what was intended and what was being done, and the defendant participated in the bidding, both by parcels and for the entire tract, and no possible prejudice appears. Under the circumstances which appear, the court did not err in treating the referee's report and return as a return of sale and acting upon it as such.

Finally, the defendant contends that the court erred in not selling the parcels separately and in selling the property as a whole. It is argued that a sale by separate parcels was required by section 782 of the Code of Civil Procedure, which provides that "if the premises consist of distinct farms or lots, they must be sold separately."

There is no evidence in the record which would establish that these premises consist of distinct farms or lots, within the meaning of section 782. As was pointed out on the former appeal, there was evidence indicating that one of the parcels "was so indivisibly linked with the balance of the property, both physically and with respect to value, that it could not be separated therefrom without great detriment." The defendant joined in the bidding on an entire basis, bidding $17,250 for the entire property, and the bidding resulted in securing the highest possible price for the property. Under the circumstances here appearing, the defendant is not entitled to rely on a strict interpretation of section 782.

The order appealed from is affirmed.

Mussell, J., concurred.

A petition for a rehearing was denied August 2, 1951, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1951.