[L. A. No. 647.  Department Two.—October 2, 1900.]

## MARY K. BARTLETT, Respondent, v. MARY E. MACKEY, Appellant.

PETITION—APPEAL FROM INTERLOCUTORY JUDGMENT.—An appeal from an interlocutory judgment in an action for partition, taken more than sixty days after the entry of the interlocutory judgment, is too late, and must be disregarded.

ID.—SALE—MATERIAL INJURY FROM PARTITION—PLEADING—EVIDENCE.— It is not essential to aver in the complaint that partition cannot be made without material injury and great prejudice to the owners, to justify the admission of evidence to that effect, and to warrant an order of sale of the property.

ID.—SUPPORT OF FINDING—"GREAT PREJUDICE TO OWNERS."—A finding that "partition cannot be made without great prejudice to the owners," is sufficiently supported by the testimony of three witnesses, without contradiction, that it would be injurious to both parties to partition the property, together with proof of the situation of the land sought to be partitioned indicating the same thing.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and H. C. Dillon, for Appellant.

Simpson & Willett, for Respondent.

THE COURT.—This action is for a partition of two lots in the city of Pasadena.  The defendant appeals from an interlocutory judgment in plaintiff's favor and from an order denying a new trial.

The appeal from the judgment was taken more than sixty days after the same was entered, and must therefore be disregarded.  (Code Civ. Proc., sec. 939, subd. 3.)  The appeal from the order denying a new trial is left for consideration, and we will dispose of the questions properly arising thereon, omitting all those matters that can be determined only on appeal from the judgment.  (*Thompson v. Los Angeles*, 125 Cal. 270.)

Appellant objected to the testimony of each of three witnesses to the effect that it would be injurious to both parties to partition the property. The ground of his objection, as stated on this appeal (though it was not so stated at the trial), is "the absence of allegations in the complaint that said property could not be partitioned without great prejudice to the rights of the owners." The complaint is devoid of the allegation as claimed, but the prayer of the complaint contains the following: "Wherefore the said plaintiff prays judgment: . . . . 2. That a partition of the said real property be made according to the rights of the respective parties, or, if a partition cannot be made without material injury and great prejudice to the owners of those rights, then that said premises be sold," etc. Section 763 of the Code of Civil Procedure provides: "If it be alleged in the complaint and established by evidence, or if it appear by the evidence without such allegation in the complaint to the satisfaction of the court, that the property or any part of it is so situated that partition thereof cannot be made without great prejudice to the owners, the court may order a sale thereof." This statute seems to contemplate that the court may investigate the question as to whether a sale is requisite to avoid great prejudice to the owners even in the absence of any allegation in the complaint to that effect.

In *De Uprey v. De Uprey*, 27 Cal. 330,[1] there was a demurrer to the complaint, and in disposing of it Sanderson, C. J., said: "The only ground urged in support of the demurrer is that the complaint contents itself with the general allegation that the premises cannot be divided by metes and bounds without prejudice, and does not state the facts showing why such a partition could not be made. A complete answer to this is found in the fact that the manner in which the partition is to be made constitutes no part of the cause of action, but is merely a part of the relief. While it is proper and perhaps advisable to ask for a particular mode of partition—there being two provided by the statute—and to that end allege the facts upon which the plaintiff relies for the particular mode which he seeks, yet this is not indispensable, and a complaint which is silent upon the subject is good."

[1] 87 Am. Dec. 81.

We are clearly of the opinion that the objection was properly overruled.

It is objected that the evidence is insufficient to sustain the finding that partition of the premises cannot be made without great prejudice to the owners.

It was testified by three witnesses, without contradiction, that it would be injurious to both parties to partition the property. In addition to this, it is shown that the land sought to be partitioned is fifty-one feet wide and three hundred and five feet long; that the ends of it front on Colorado and Union streets, Colorado being the principal business street of Pasadena; that along its western side runs a narrow street traversed by the Southern California Railway. On its eastern border there is no street. The question of "great prejudice to the owners" was one of fact to be determined by the trial court, and in view of the foregoing evidence we see no cause to interfere with the finding. (*De Uprey v. De Uprey, supra.*)

The other points urged for a reversal are not of sufficient importance to require special notice.

The judgment and order appealed from are affirmed.

---

130  183
145   45