[S. F. No. 4701. In Bank.—April 2, 1907.]

ROSA BLOOM, Respondent, v. PAULINE GORDAN et al., Appellants.

APPEAL—INTERLOCUTORY JUDGMENT IN PARTITION—DISMISSAL.—Under subdivision 3 of section 939 of the Code of Civil Procedure, an appeal from an interlocutory judgment in actions for partition of real estate must be taken within sixty days after the order or interlocutory judgment is made and entered in the minutes of the court, or filed with the clerk. An appeal taken subsequent to such limitation, although within sixty days after the date of the entry in the judgment-book, will be dismissed.

MOTION to dismiss an appeal from an interlocutory judgment in partition of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

William T. Kearney, for Appellants.

Otto I. Wise, for Respondent.

THE COURT.—This is a motion to dismiss the appeal of certain defendants from the interlocutory judgment given in an action for the partition of real property. It is shown by the affidavit of the county clerk that the interlocutory decree in partition and order of sale were entered in the minutes of the court upon December 23, 1905. The interlocutory decree in partition and order of sale were filed with the clerk of the said superior court upon the ninth day of January, 1906. Admittedly, the appeal was not taken until the 18th of March, 1906. Subdivision 3 of section 939 of the Code of Civil Procedure declares that an appeal may be taken from an interlocutory judgment in actions for partition of real estate within sixty days after the order of [or] interlocutory judgment is made and entered in the minutes of the court, or filed with the clerk. The only answer made to this motion is the affidavit of W. T. Kearney, attorney for appellants, who declares, "that an interlocutory order or decree in partition and order of sale and accounting in the above-entitled action was entered January 28, 1906." From the explanation which was given upon the argument we conclude that the affiant here means the date of the entry in the judgment-book and not the date of entry in the minutes. But if there be a conflict in the evidence upon this point, it must be resolved in favor of the positive testimony of the clerk of the superior court with the corroborative affidavit of attorney for respondent.

Whether the time for appeal be considered as beginning to run from the date of the entry in the minutes (December 23, 1905), or from the date of the filing with the clerk of the court (January 9, 1906), from either point of time the appeal taken upon March 18, 1906, was too late. (*Bartlett* v. *Mackey,* 130 Cal. 181, [62 Pac. 482].)

The appeal is therefore dismissed.