[Civ. No. 3874. Fourth Dist. Nov. 28, 1949.]

EMILY J. STING, Respondent, v. MARY BECKHAM, Appellant.

Geo. D. Blair for Appellant.

Best, Best, Gabbert & Krieger for Respondent.

GRIFFIN, J.—This is an action for partition of approximately 60 acres of unimproved land near Banning, jointly owned by plaintiff Emily J. Sting and defendant Mary Beckham. The only improvements on the land are a water well, a pump over which there exists a shed constructed by defendant Beckham and a 4-inch water pipe line running about 1,600 feet from the pump, across the real property, to a rock plant on adjacent land separately owned by defendant Beckham.

The court found that the only interest plaintiff had was an undivided one-half interest in the real property and well thereon. The water from the well had been used by defendant at the rock plant for many years and it was necessary to use all the water produced in the operation of the plant.

Plaintiff brought this action for partition and division of the premises and if partition could not be had without material injury, then for a sale thereof and division of the proceeds and for an accounting for the value of the water used by defendant. Plaintiff claimed to be part owner in the pump, pipe lines, machinery and equipment used in connection with the well, but this issue was decided against her.

After trial the court found that plaintiff is entitled to have said real property partitioned; that partition thereof cannot be made without prejudice to the owners; and that a referee should be appointed to make the sale of said property, and accordingly ordered the sale.

The narrow question raised on this appeal is whether there is sufficient evidence to support the trial court's conclusion and finding that the property should be sold because partition in kind could not be had without great prejudice to the parties.

Counsel for plaintiff concedes defendant's argument, which is supported by such authorities as *East Shore Co.* v. *Richmond Belt Ry.*, 172 Cal. 174 [155 P. 999]; *Mitchell* v. *Cline*, 84 Cal. 409, 418 [24 P. 164]; and section 752, Code of Civil Procedure, that the general rules of law applicable are (1) that partition in kind is favored by the law; (2) that whether or not partition in kind can be made without great prejudice to the owners is a question of fact; and (3) that the party asking for a sale instead of a partition has the burden of proving that a partition cannot be made without great prejudice to the owners. However, plaintiff maintains that she has met this burden and by virtue of the evidence has established as a fact that partition in kind could not be made under the circumstances of this case without great prejudice to one or the other of the owners.

There was considerable evidence introduced as to the character of the property, and also evidence was produced indicating that the only purpose which the well served was to furnish water to the rock plant; that the land had little value without the well and water therefrom and, although the evidence was conflicting, the court might well have believed that the value of the well so greatly exceeded the value of the re-

maining land that a partition in kind would have resulted in a great injury to the party denied the possession of the well, and that the well property here was so indivisibly linked with the balance of the property, both physically and with respect to value, that it could not be separated therefrom without great detriment. Had the trial court partitioned the property it is apparent that each party would have wanted the well located on the parcel allotted to her.

The court, from all the evidence and inferences deducible therefrom, properly determined that a partition could not be made without prejudice to one party or the other and accordingly properly ordered that a sale thereof by a referee should be made.

*Priddel* v. *Shankie,* 69 Cal.App.2d 319 [159 P.2d 438], is one of the cases which establishes the principle that the character and location of the property is itself evidence from which a court may infer that partition cannot be made without great prejudice to the owners.     The question of ''great prejudice to the owners'' is a factual question to be determined by the trial court and, as here, where there is sufficient evidence shown, even though conflicting, from which the trial court might reasonably draw the conclusion that partition would result in ''great prejudice to the owners,'' and ordered a sale of the property, its determination will not be disturbed on appeal. (*Bartlett* v. *Mackey,* 130 Cal. 181, 183 [62 P. 482]; *Mitchell* v. *Cline, supra; Sauri* v. *Sauri,* 45 F.2d 90; *De Roulet* v. *Mitchel,* 70 Cal.App.2d 120 [160 P.2d 574].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.