[Civ. No. 9389. Third Dist. May 22, 1958.]

PATRICK CUNNINGHAM et al., Respondents, v. GOLD-SMITH FRYMIRE et al., Appellants.

Phil N. Crawford, Hoey, Mannon, Brazier & Bell and Fredric S. Crump for Appellants.

Kasch & Cook for Respondents.

SCHOTTKY, J.—This is an appeal from a judgment ordering partition by sale of certain real property. The property in question was all part of the estate of Samuel Jones who died in 1938. By the terms of his will his daughter Celia H. Frymire and his son Benjamin C. Jones were each devised a one-third interest in the property, and his daughter Ruby Cunningham was devised a one-third interest in trust. During probate Celia H. Frymire died, and her husband, Goldsmith Frymire, succeeded to her interest. Prior to the distribution of the estate Goldsmith Frymire created by deed a life estate in himself in his share of the property, with a remainder over in favor of Patrick Cunningham and Dennis Cunningham, sons of Ruby Cunningham, and Cecelia Gwendolyn Jones and Charlotte Orlena Dunlavy, daughters of Benjamin C. Jones. By the decree of distribution dated November 12, 1952, Ruby Cunningham received her one-third interest free of the trust, Benjamin C. Jones received his one-third interest and Goldsmith Frymire was given a life estate in the remaining one-

third with remainder over to the above named sons of Ruby Cunningham and the daughters of Benjamin C. Jones.

In 1954 Ruby Cunningham and her sons, Patrick Cunningham and Dennis Cunningham, commenced this action to compel the partition of the real property. Partition was opposed by Benjamin C. Jones and his daughters and by Goldsmith Frymire. Myrtle J. Elliott did not oppose partition. The Richmond-Martinez Abstract and Title Company disclaimed any interest in the property. Goldsmith Frymire filed a cross-complaint in which he alleged that the life estate in his share of the property was created gratuitously on the condition that he would have and receive for his support and maintenance one-third of the income received from the property for life; that he should have full possession and use of the property during his life; that the title of the remaindermen was conditional on the fulfillment of the conditions; that the deed was accepted by the remaindermen subject to these conditions; and that the Cunningham boys had violated the conditions by seeking partition. He asked that the court enter a decree impressing a trust in his favor upon the interest claimed by the Cunningham boys.

The cause proceeded to trial. The evidence produced disclosed that the property in question consisted of four parcels of land:

1. McClury land, 10 acres—unimproved ..... $ 7,500.00
2. Mountain place, 300 acres—unimproved ... 15,000.00
3. Home place, 160 acres—improved with a house and barn .................... 25,000.00
4. Orlena Jones place, 10 acres—unimproved . 7,500.00

The property is not producing any net income for any of the owners and Ruby Cunningham testified that all the property was too small to be partitioned in kind.

The court determined that Ruby Cunningham and Benjamin C. Jones were each the owners of a one-third interest in the property; that Goldsmith Frymire was the owner of a life estate in a one-third interest in the property; that Patrick Cunningham and Dennis Cunningham, Ruby Cunningham's sons, and Cecelia Gwendolyn Jones and Charlotte Orlena Dunlavy, Benjamin C. Jones' daughters, were the owners as tenants in common of an undivided one-third interest in the property in which Goldsmith Frymire had a life estate; and that partition of the real property could not be had without injury to the rights of all the parties. The court ordered that the property be partitioned through sale and that all other

matters such as division of the proceeds of the sale according to the rights of the parties and all other matters necessary for a complete determination of the action be reserved for determination at the time the report of the referee is considered by the court.

█ Appellants contend that partition should have been denied because the language of the decree of distribution in the estate of Samuel Jones ratified a contract between the distributees that the property would not be partitioned during the lifetime of Goldsmith Frymire. If such an agreement had been made, of course Ruby Cunningham could not seek partition. But the record does not disclose any evidence of any agreement. This would be a question of fact, and the mere language of the decree that Goldsmith Frymire was given the "right to have, hold, use and enjoy the same during the term of his natural life" does not compel the conclusion that the decree ratified an agreement between the parties.

Appellant Frymire contends that an agreement was made with the remaindermen that he would have the use and possession of the property during his lifetime and therefore the action of the Cunningham boys in bringing this partition action violated the agreement and a trust should have been impressed upon their interest. Both Patrick Cunningham and Ruby Cunningham denied any such agreement was made. There was a clear conflict in the evidence upon this issue, which conflict the court resolved against appellant. █ An appellate court will not weigh questions of fact determined by the trial court in a partition action if there is any substantial evidence to support them. (37 Cal.Jur.2d, Partition, p. 504.)

The contention is also made that the property should have been partitioned in kind rather than by sale. There was testimony that the property could not be partitioned in kind without great prejudice. █ As held in *Priddel* v. *Shankie*, 69 Cal.App.2d 319 [159 P.2d 438], the character and location of the property is itself evidence from which a court may infer partition in kind may not be made without great prejudice to the owners. This is essentially a factual question, too. (*Sting* v. *Beckham*, 94 Cal.App.2d 823 [211 P.2d 586].)

█ In the instant case two of the plots of land were less than 10 acres and each was unimproved. One plot of 300 acres was mountain land which had a fine spring. The fourth plot was 160 acres and contains a house and a barn. Whoever got the property with the spring would get the best portion of

the mountain land and whoever got the portion of the land containing the house and barn would get the best portion of that plot. These facts would support partition by sale rather than in kind.

The basic issue on this appeal is whether or not partition was proper. Section 752 of the Code of Civil Procedure provides that "When several cotenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, or when real property is subject to a life estate with remainder over, an action may be brought by one or more of such persons . . . for a partition thereof according to the respective rights of the parties interested therein, and for a sale of such property . . . if it appears that a partition can not be made without great prejudice to the parties." By the very words of the statute, Ruby Cunningham clearly was entitled to partition. The fact that Goldsmith Frymire was the owner of a life estate would not preclude partition. At this point we are not concerned with the distribution of the proceeds of the sale, and any question of whether or not Goldsmith Frymire will have the use of his share of the proceeds of the property for his life is premature, for the court expressly reserved for future determination the question of the distribution of the proceeds of the sale.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.