[Civ. No. 9564. Third Dist. Apr. 10, 1959.]

Estate of JOHN S. LILLEY, Deceased. LLOYD C. OTTO-SEN, as Administrator, etc., et al., Appellants, v. MARY P. LILLEY, Respondent.

James E. Busch and Burke & Rawles for Appellants.

Bowers & Sinclair for Respondent.

WARNE, J. pro tem.*—This is an appeal from a decree modifying a decree of final distribution by striking therefrom a portion relating to after-discovered property.

*Assigned by Chairman of Judicial Council.

On April 9, 1954, the Bank of America National Trust and Savings Association, as executor of the estate of John S. Lilley, deceased, filed its final account and petition for final distribution, wherein it appears that by the terms of decedent's last will he gave, devised, and bequeathed to his sister, Rose Ottosen (spelled in the will "Otteson"), $10,000; to his niece, Lila Mosna (daughter of Rose), $500; to his stepson, Jack McGuigin, $500; to his stepdaughter, Dorothy Bell, $500. All the rest, residue, and remainder of his estate was bequeathed to his wife, Mary P. Lilley.

The court incorporated in the "Decree Settling Final Account of Executor and Final Distribution" the provision of the will above-mentioned as to specific bequests and also the residuary clause, and then found in said decree as follows:

"That the net amount before award for any extraordinary compensation is $3,767.01, as appears from the first and final account of said executor, therefore the specific bequests in the will of said decedent must be abated; the abatement of these bequests shall be in the following percentages:

| | |
|---|---|
| "Rose Otteson | 0.86956 |
| "Lila Mosna | 0.04348 |
| "Jack McGuigin | 0.04348 |
| "Dorothy Bell | 0.04348" |

The court further stated:

"That there will be no balance left after payment on the distribution to the above named persons of the percentages set forth, of the net remainder, which are specific bequests, therefore there can be no payment of any amount to the residuary legatee."

After reciting the above facts, the court ordered that "the residue of said estate hereinafter particularly described, *and any other property not now known or discovered, which may belong to the said estate or which said estate may have an interest in,* be and the same is hereby, distributed as follows:

"To Rose Otteson, 0.86956 thereof
"To Lila Mosna, 0.04348 thereof
"To Jack McGuigin, 0.04348 thereof
"To Dorothy Bell, 0.04348 thereof

"The following is the particular description of the said residue of said estate referred to in this decree, and of which distribution is now ordered as aforesaid:

"Savings Acct. No. 50......$3,767.01" (Emphasis added.)

It now appears that at the time of the death of decedent he was the owner of certain real property situated in the county of Mendocino, alleged to be of a value in excess of $20,000, which was not inventoried in the assets of the estate nor was it discovered until after said estate had been distributed.

On February 17, 1958, the widow of the decedent, as residuary legatee under his will, filed a petition for modification of the decree of distribution on the ground that the inclusion of said reference to after-discovered property purported to distribute the after-discovered Mendocino real property contrary to the provisions of the will to the specific legatees, and that said reference to after-discovered property in said decree of distribution was the result of clerical error, inadvertence, and mistake on the part of the probate judge in signing said decree.

The court's order modifying said decree recites: "the Court finds that the inclusion of said reference to said after-discovered property was the result of mistake and inadvertence on the part of the scrivener who prepared the written order, and thereafter on the part of the Judge of the Probate Court who signed said Decree of Distribution, said Judge being the same Judge before whom this petition was heard, that it was not the intent of said Judge who signed said Degree of Distribution to distribute after-discovered property contrary to the provisions of the will, nor was it the result of judicial reasoning and determination, . . ." The court therefore ordered that the decree of distribution be modified by deleting therefrom the clause ". . . any other property not now known or discovered which may belong to said estate or which said estate may have an interest in . . ."

The only issue on appeal is whether the challenged clause in the decree of distribution which distributed to the specific legatees the after-discovered property was made inadvertently, i.e., was a clerical error, or was a judicial error.

■ In the *Estate of Burnett*, 11 Cal.2d 259, at page 262 [79 P.2d 89], the court said: ". . . [A] trial court . . ., has jurisdiction to correct mistakes in its orders and records which are not actually the result of the exercise of judgment. [Citing cases.] ■ But where the error is inherently judicial rather than clerical or inadvertent, the court has no power to amend its decision. . . ." The test is simply whether the challenged judgment was made or entered inadvertently (clerical

error) or advertently (judicial error). (*Nathanson* v. *Murphy*, 147 Cal.App.2d 462, 469 [305 P.2d 710].)

The judge's solemn declaration contained in the findings and the order modifying the decree of distribution cannot, as stated in *Bastajian* v. *Brown*, 19 Cal.2d 209, 214 [120 P.2d 9], ". . . be wholly disregarded nor lightly brushed aside. It was a declaration of a fact that was concealed in the mind of the judge, and no one was in a better position than he to state his true intent. He may have failed to read the findings and judgment before signing them. He may have supposed they were in favor of defendants. His declaration may be construed to so indicate. Under such circumstances it is obvious that the findings and judgment would not *in fact* be the decision actually intended to be rendered by him, or that he in the exercise of judicial authority arrived at. . . . The facts within the personal knowledge of the judge may be considered, and in vacating or correcting a clerical error or mistake he may give effect to his own recollection. The declaration in the order vacating the judgment has a direct bearing on the existence of such error. [Citing cases.]"

It is apparent from the findings that the judge did not intend to give decedent's sister, his niece, and his two stepchildren amounts in excess of their specific legacies and thereby disinherit his widow. Such a result would be contrary to the clear provisions of the will which were incorporated in the decree of distribution and of itself indicates clerical error. The will may be referred to to determine the nature of the corrected error. (*Clark* v. *Capital National Bank*, 91 Cal.App.2d 865, 870 [206 P.2d 16].) Here the terms of the will are clear and certain that the testator bequeathed the residue of his estate to his widow (respondent). We conclude that upon the record the error was shown to be clerical and not judicial.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 4, 1959, and appellants' petition for a hearing by the Supreme Court was denied June 3, 1959.