[Civ. No. 9875.   Third Dist.   May 16, 1960.]

PATRICK CUNNINGHAM et al., Respondents, v. GOLD-SMITH FRYMIRE et al., Appellants.

Phil N. Crawford, Bell & Cox and Fredric S. Crump for Appellants.

Kasch & Cook and Leo M. Cook for Respondents.

VAN DYKE, P. J.—This is an appeal from an order made after an interlocutory decree, entered in a partition action, had become final. By the original complaint it was alleged that the plaintiffs and the defendants were the owners of certain described property. The descriptions used were legal descriptions of four parcels of land. One, and the most valuable of all, was the NE¼ of Sec. 8 in Twp. 15 N., R. 9 W, M.D.M. The several parcels were familiarly referred to throughout the evidence as the McClury land (a 10-acre plot, unimproved, valued at $7,500), the Mountain place (a parcel of 300 acres, unimproved, valued at $15,000), the Home place (160 acres,

improved with a house and barn, valued at $25,000, and being the NE¼ of Sec. 8 in Twp. 15 N., R. 9 W., M.D.M.), and the Orlena Jones place (a 10-acre plot, unimproved, valued at $7,500). For reasons unimportant here, an amended complaint was filed, but, through error in drafting the document, the description of the home place was omitted. This omission persisted throughout the proceedings leading up to the interlocutory decree of partition, and affected the findings, conclusions and interlocutory decree signed by the judge who tried the cause. An appeal was taken from the interlocutory decree to this court and this court's decision affirming the interlocutory decree appears in *Cunningham* v. *Frymire,* 160 Cal.App.2d 726 [325 P.2d 555]. During the appellate proceedings the descriptive error persisted, but this court's discussion of the issues on appeal make it appear that this court and the parties to the appeal alike considered that the land being partitioned consisted of the four parcels, including the home place. For instance, we said at page 728:

". . . The evidence produced disclosed that the property in question consisted of four parcels of land:

1. McClury land, 10 acres—unimproved.....$ 7,500.00
2. Mountain place, 300 acres—unimproved... 15,000.00
3. Home place, 160 acres—improved with a house and barn........... ......... 25,000.00
4. Orlena Jones place, 10 acres—unimproved.. 7,500.00"

One of the issues on appeal was whether or not the property should be partitioned in kind or should be sold. In ruling against the contention that partition in kind was called for, we said on page 729:

". . . In the instant case two of the plots of land were less than 10 acres and each was unimproved. One plot of 300 acres was mountain land which had a fine spring. The fourth plot was 160 acres and contains a house and a barn. Whoever got the property with the spring would get the best portion of the mountain land and whoever got the portion of the land containing the house and barn would get the best portion of that plot. These facts would support partition by sale rather than in kind."

As further proof that throughout the proceedings the parties litigated with respect to the home place as a part of the property sought to be partitioned, it appears that the description of the home place appeared in the lis pendens filed and in a cross-complaint filed by one of the defendants.

Finally, as we have said, it appears that in the evidence addressed to the issues there was much testimony concerning the home place. In short, all parties appearing in the action and participating in the trial considered the home place as being included in the proceedings.

The findings, conclusions of law and interlocutory decree were prepared for the court by the attorneys for the plaintiff and the omission of any description of the home place persisted in the drafted documents presented to the court. The omission was not discovered by the trial judge and he signed the documents as drafted.

After the interlocutory decree had become final the error was discovered and the plaintiffs moved the court to amend the findings of fact, conclusions of law and interlocutory decree by inserting therein the omitted description of the home place. The motion was granted and from that order this appeal was taken.

The order appealed from must be affirmed. We have presented here what we view as a clear case of clerical error. The fact that the error crept in through inadvertence of the person who in the office of the attorney for plaintiff drafted the documents amended is not material. These instruments were prepared for the consideration and use of the court. Upon this record the question of whether or not the court inadvertently signed the faulty documents believing that the home place was described therein was an issue factual in nature, which the court could, as it did, resolve in favor of granting the motion to correct. A similar situation was presented in the *Estate of Lilley*, 169 Cal.App.2d 540 [337 P.2d 585], wherein the court, in its order modifying a decree of distribution, found that the inclusion of and reference to after-discovered property in the decree of distribution was the result of mistake and inadvertence, first on the part of the scrivener who prepared the original order for the court, and thereafter on the part of the judge of the probate court who signed the decree as drafted.

We think that it is clear from the record here that the trial judge intended that the findings, conclusions and decree for partition should include the home place and that the fact that they did not was due to inadvertence on his part. We think this was a clear case of inadvertence and not of judicial reasoning and determination. The conditions under which a court may amend a judgment or decree after it has become final because it does not truly state the decision intended are

well settled and are stated in many decisions of the appellate courts of this state. It is unnecessary to refer to more than *Bastajian* v. *Brown*, 19 Cal.2d 209 [120 P.2d 9].

For the reasons given the order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied June 13, 1960, and appellants' petition for a hearing by the Supreme Court was denied July 12, 1960.